THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DEREK WILLIAM PETERSON,<br><br>        Petitioner,<br><br>v.<br><br>DALLAS EARNSHAW,<br><br>        Respondent. | **MEMORANDUM DECISION<br>& ORDER DENYING<br>HABEAS-CORPUS PETITION**<br><br>Case No. 1:21-CV-131-DBB<br><br>District Judge David Barlow |

  Petitioner Derek William Peterson, confined at Utah State Hospital (USH), filed this federal habeas-corpus petition, under 28 U.S.C.S. § 2241 (2022) (ECF No. 12).

  Section 2241 reads in pertinent part: "The Writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.S. § 2241(c)(3) (2022). "Petitions under § 2241 are used to attack the execution of a sentence," which may include challenges to "some matters that occur at the prison, such as deprivation of good-time credits and other prison disciplinary matters." *McIntosh v. United States*, 115 F.3d 809, 811 (10th Cir. 1997). Still, "a § 2241 action . . . is not challenging prison conditions, it is challenging an action affecting the fact or duration of the petitioner's custody," and thus qualifies as a habeas-corpus proceeding. *Id.* at 812.

  Petitioner categorizes his causes of action as follows: (1) "My spirit and body being manipulated and harassed by Cristiano Ronaldo saga"; (2) "manipulation of testosterone," supporting facts to which he refers as "Millard County Jail," "CIA and NSA"; (3) "manipulation of hunger," supporting facts to which he refers as possible family members (three people with last name of Peterson), "Gift of Revelations," and "Cristiano saga"; and (4) "manipulation of

nerves," supporting facts to which he refers as "Chris Hemsworth - 'Avengers' - 'Thor,'" "Cristiano Ronaldo - The Whip Concept," and "testosterone pinching [sic] - (NASA)." (ECF No. 12, at 6-7.) His request for relief includes "to be released from USH and off civil commitment." (*Id.* at 7.)

## SCREENING ANALYSIS

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." R. 4, Rs. Governing § 2254 Cases in the U.S. Dist. Cts. Indeed, "it is well established that '[the] district court [may] dismiss summarily [a] petition on the merits when no claim for relief is stated.'" *Whitmore v. Parker*, 484 F. App'x 227, 232 (10th Cir. 2012) (alterations in original) (citations and quotation marks omitted). And, "precedent allows a district court to recognize affirmative defenses sua sponte in the habeas context." *In re McCormick*, No. 11-3071, 2011 U.S. App. LEXIS 20172, at *8 (10th Cir. Apr. 19, 2011). After all, "habeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside." *United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) (citing *Day v. McDonough*, 547 U.S. 198, 202 (2006)).

Having carefully considered all relevant documents and law, the Court concludes that Petitioner's initial pleading is frivolous and does not surmount the federal habeas standard of review. The petition is therefore denied.

The United States Supreme Court has observed that federal district courts have inherent authority to dismiss a frivolous case. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) ... authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory

provision."); *see also Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974) (holding federal district courts may dismiss claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"). While *pro se* litigant's pleadings are construed liberally, the fact that Petitioner proceeds *pro se* does not shield Petitioner from dismissal for frivolousness. *Freeman v. Davis*, 414 F. App'x 163, 165 (10th Cir. 2011) (unpublished).

A claim "is frivolous if it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating legal frivolousness includes both "inarguable legal conclusion[s]" and "fanciful factual allegation[s]"); *see Mallett v. United States*, 721 F. App'x 836, 865 (10th Cir. 2018) (frivolous habeas-corpus petition); *Branch v. Crowther*, 708 F. App'x 963, 965 (10th Cir. 2018) (frivolous 2254 petition). "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted). The initial pleading here is subject to review pursuant to the inherent authority of this Court to ensure that that the case is not frivolous--i.e., involving "delusional and factually frivolous" allegations and resting on "an indisputedly meritless legal theory." *Mallett v. United States*, 721 F. App'x 836, 837 (10th Cir. 2018) (unpublished) (quotation marks omitted).

Petitioner's initial pleading satisfies these criteria. His arguments are intrinsically delusional and indisputably meritless. While the Court cannot be sure of what the "Cristiano Ronaldo saga" means, it is notable that Ronaldo and Chris Hemsworth are, respectively, a famous soccer player and a famous actor. It is fantastical for Petitioner to assert that these public figures, together with government agencies, such as the CIA, NSA, and NASA, are somehow manipulating his body systems and his "spirit," while he is confined in USH. His claims are thus dismissed.

Other reasons why these novel allegations fail to state a claim, in this federal habeas case, are that they are more reminiscent of conditions-of-confinement claims--i.e., cruel-and-unusual punishment--though the alleged perpetrators are not generally state actors that may be sued in a civil-rights complaint. *See Read v. Klein*, No. 99-5058, 1001 U.S. App. LEXIS 334, at *13 (10th Cir. Jan. 9, 2001) (unpublished) ("[T]o prevail on a § 1983 claim alleging a deprivation of constitutional rights, a plaintiff must show that he was injured as a result of state action.  Thus, private conduct, 'no matter how discriminatory or wrongful,' may not be redressed by a § 1983 claim.") (citations omitted)**.**

The allegations do not attack the constitutionality of Petitioner's civil-commitment process and period of confinement or the execution of his period of confinement. The only part of Petitioner's petition that is habeas based is his requested remedy of release from custody. However, none of the allegations could form the basis of legal claims under the Federal Constitution that would lead to his release from custody. *See* 28 U.S.C.S. § 2241(c)(3) (2022); *McIntosh*, 115 F.3d at 811.

## CONCLUSION

Petitioner's claims are frivolous and do not meet the federal habeas standard for relief: That his civil commitment was ordered and executed in violation of the Federal Constitution.

**IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus is **DENIED** and the action **DISMISSED WITH PREJUDICE**.

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED**.

This action is **CLOSED**.

DATED this 18th day of May, 2022.

BY THE COURT

_____
JUDGE DAVID BARLOW
United States District Court